IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-00027-01-CR-W-BP |
| ) | |
| KEITH R. HARDIN, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Hardin's Motion to Suppress Evidence (doc #21). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On January 15, 2016, a criminal complaint was filed against defendant Keith R. Hardin. On February 3, 2016, the grand jury returned a one-count indictment against defendant Hardin. The indictment charges that on January 15, 2016, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm.

On March 30, 2016, defendant filed a Motion to Suppress Evidence. On July 7, 2016, the undersigned conducted an evidentiary hearing on the motion to suppress.[1] Defendant Hardin was represented by Assistant Federal Public Defender Ronna Holloman-Hughes. The Government was represented by Assistant United States Attorney Bruce A. Rhoades. The Government called

---

[1] At the conclusion of the hearing, defense counsel requested an additional thirty days in which to rile a reply brief. Defense counsel has since advised the Court that she no longer intends to file a reply brief.

Officers Nathan Horsley and Shamell Slatton of the Kansas City, Missouri Police Department as witnesses. The defense called no witnesses to testify.

## II. FACTS

On the basis of the evidence adduced at the evidentiary hearing held on July 7, 2016, the undersigned submits the following proposed findings of fact:

1. At approximately 3:20 a.m. on January 15, 2016, Officers Nathan Horsley and Shamell Slatton were on patrol in the area of East 35th Street in Kansas City, Missouri. (Tr. at 4-5) The officers observed a gentleman walking in the street, despite the fact that there were sidewalks on either side of East 35th Street. (Tr. at 5, 15) It is a violation of a Kansas City Ordinance to walk in the street when a sidewalk is provided. (Tr. at 5-6) This ordinance is routinely enforced by Kansas City, Missouri police officers for the safety of pedestrians. (Tr. at 6, 15-16)

2. The officers activated their emergency lights and the gentleman, defendant Keith Hardin, stopped. (Tr. at 6) The officers exited their patrol car, approached Hardin and got him out of the street. (Tr. at 6, 16) Hardin was cooperative. (Tr. at 6) Officer Horsley asked Hardin why he was walking in the street when he could have been walking on the sidewalk. (Tr. at 7-8) The officers obtained Hardin's identification. (Tr. at 8, 17) Officer Horsley asked Hardin if he had any weapons on him and Hardin said no. (Tr. at 17, 21-22) Hardin was not patted down for weapons at that time. (Tr. at 22) Officer Horsley ran Hardin's identification through the computer system and discovered that Hardin had outstanding warrants. (Tr. at 8, 17)

3. Defendant Hardin was placed under arrest for his warrants. (Tr. at 9, 18) Hardin was handcuffed and a search incident to his arrest was conducted. (Tr. at 9) No weapon was found on Hardin's person. (Tr. at 9) When the patrol wagon responded to transport Hardin, Hardin advised the wagon driver, Officer Vanhoecke, that he had a razor in his pocket and a .380 pistol. (Tr. at 9) Those items were then removed from Hardin's person and he was transported. (Tr. at 9, 19)

## III. DISCUSSION

Defendant Hardin seeks to suppress all evidence and testimony relating to such evidence obtained as a result of his seizure on January 15, 2016, on the basis that such evidence was obtained in violation of the Fourth Amendment. (Motion to Suppress Evidence (doc #21) at 1)

2

Specifically, defendant argues that he should not have been stopped by the police because his actions did not give rise to a reasonable suspicion that he was engaged in criminal activity. (Id. at 2-3) According to defendant, because the initial stop of his person was unreasonable, all evidence obtained as a result of that stop must be excluded under the exclusionary rule. (Id. at 2)

Both investigative stops and arrests are seizures. However, an investigative stop need only be supported by a reasonable, articulable suspicion that criminal activity may be afoot, whereas an arrest must be supported by probable cause. See Terry v. Ohio, 392 U.S. 1, 25-31 (1968). The record in this case establishes that on January 15, 2016, at approximately 3:20 a.m., Officers Horsley and Slatton were on patrol when they observed someone walking in the street, despite the fact that there were sidewalks on either side of the street. (See Fact No. 1, supra) It is a violation of a Kansas City Ordinance, as well as state law, to walk in the street when a sidewalk is provided.[2] (Id.) Based on the fact that defendant Hardin was violating a city ordinance and a state law, the Court concludes that the officers were justified in either conducting an investigative stop or an arrest. Section 544.216 of the Missouri Revised Statutes provides: "any … municipal law enforcement officer in this state … may arrest on view, and without a warrant, any person the officer sees violating … any ordinance or law of this state, including a misdemeanor or infraction, over which such officer has jurisdiction." See also United States v. Pratt, 355 F.3d 1119, 1123 (8th Cir. 2004)(officers had probable cause to arrest pedestrian where officers observed pedestrian violating state and local law by walking in the street where sidewalks were provided).

---

[2]"Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Code of Ordinances, City of Kansas City, Missouri § 70-786(a). "Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Mo.Ann.Stat. § 300.405(1) (West 2016).

3

While conducting an investigative stop, officers are certainly justified in identifying the person suspected of unlawful activity and running his name through their computer system. See Rodriguez v. United States, 135 S.Ct. 1609, 1616 (2015)(officer may need to take certain negligibly burdensome precautions in order to complete his mission safely such as criminal record and outstanding warrant checks). The computer check revealed that defendant Hardin had outstanding warrants for which he was placed under arrest. Prior to being transported to the police station, defendant Hardin advised the officers that he was armed with a razor blade and a firearm. These items were then taken from defendant's person. No constitutional violation took place.

## IV. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Hardin's Motion to Suppress Evidence (doc #21).

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                          */s/ Sarah W. Hays*
                                                          SARAH W. HAYS
                              UNITED STATES MAGISTRATE JUDGE