IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-0027-01-CR-W-BP |
| ) | |
| KEITH R. HARDIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant has been indicted on one count of being a felon in possession of a firearm. (Doc. 10.) He filed a Motion to Suppress, (Doc. 21), contending the officers who stopped him did not have reasonable suspicion that he was engaged in criminal activity. The Honorable Sarah W. Hays, Chief Magistrate Judge for this District, held a hearing on July 7, 2016, and she issued a Report on September 8, 2016 recommending that the Motion to Suppress be denied. (Doc. 30.) Defendant objects to Judge Hays' Report and Recommendation ("the Report").

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the video recording from the police officers' dash camera, Defendant's objections, and the Government's response. Having conducted this review, the Court adopts the Report in its entirety as the Order of the Court and denies the Motion to Suppress.

Given the Report's thoroughness there is no need for extended discussion. In summary, the Court finds that Officers Nathan Horsley and Shamell Slatton stopped Defendant because he was walking in the street where a sidewalk was available. Defendant's actions violated a City Ordinance, and this Ordinance is routinely enforced by the Kansas City Police Department. The

officers obtained Defendant's identification and a computer check determined there were outstanding warrants for Defendant's arrest. Defendant was arrested because of the warrants; when Defendant was to be placed in the patrol wagon for transport, Defendant advised that he had a .380 pistol in his pocket.

Defendant contends that there was not reasonable suspicion to believe that he was engaged in criminal activity, so his stop was not justified. In particular, he contends the officers were patrolling the area looking for a robbery suspect, and Defendant did not match the description of the robber. (Doc. 21, pp. 2-3.) However, the officers did not stop Defendant because they believed he was involved in a robbery; they stopped Defendant because they observed (as confirmed by the dash cam) that Defendant was walking in the street and not the sidewalk. Their observation of Defendant violating the ordinance provided a lawful basis to stop him; their subsequent discovery of outstanding warrants provided a lawful basis to arrest him; and their lawful arrest permitted a search incident to that arrest.

In his Objections to the Report, Defendant contends the ordinance is unconstitutional as applied to the facts of this case. However, he does not explain this argument. It appears that Defendant contends the ordinance was unconstitutional as applied to him because Defendant had not done anything else to arouse the officers' suspicion. (Doc. 33, p. 1-2.) However, this does not demonstrate that the ordinance was unconstitutional as applied, and as discussed above the violation of the ordinance provided an independent and sufficient reason for the officers to stop Defendant.[1]

---

[1] While not discussed by the parties, denial of the Motion to Suppress appears to also be supported by the Supreme Court's recent decision in *Utah v. Strieff*. There, an officer stopped Strieff and requested his identification. A computer check revealed outstanding warrants for Strieff's arrest, and he was arrested pursuant to the warrant. A search incident to the arrest uncovered "a baggie of methamphetamine and drug paraphernalia." 136 S. Ct. 2056, 2060 (2016). The state conceded the initial stop was unlawful, but the Supreme Court held the drugs and paraphernalia did not have to be suppressed "because the unlawful stop was sufficiently attenuated by the pre-existing arrest warrant. . . . The discovery of that warrant broke the causal chain between the unconstitutional stop
2

For these reasons, the Court **OVERRULES** Defendant's objections, (Doc. 33), **ADOPTS** Judge Hays' Report and Recommendation, (Doc. 30), and **DENIES** the Motion to Suppress. (Doc. 21.)

**IT IS SO ORDERED.**

DATE: October _13__, 2016

/s/ Beth Phillips  
BETH PHILLIPS, JUDGE  
UNITED STATES DISTRICT COURT

---

and the discovery of evidence by compelling [the officer] to arrest Strieff." *Id*. at 2063.